T. SCOTT BELDEN, CSB NO. 184387
LISA A. HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Fax: (661) 326-0418
E-mail: sbelden@kleinlaw.com; lholder@kleinlaw.com

Proposed Attorneys for Randell Parker, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>RYAN DUGGAN O'KANE and<br>JENNIFER LYNN O'KANE,<br><br>Debtors. | Case No. 09-19391-B-7<br><br>Chapter 7<br><br>DC No. KDG-3<br><br>MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL ESTATE'S INTEREST IN REAL PROPERTY TO DEBTORS<br><br>Date: June 3, 2010<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>1300 18th Street, Ste. A<br>Bakersfield, California<br>Judge: W. Richard Lee |

Randell Parker, Chapter 7 Trustee, respectfully represents:

**I.   INTRODUCTION**

The Trustee moves the Court for authority to sell the estate's interest in the real property located at 4209 Kelso Creed Road, Weldon, CA 93283 ("the Real Property") to Ryan Duggan O'Kane and Jennifer Lynn O'Kane ("Debtors") for $5,019.43. The Trustee believes that the sale of the estate's interest in the real property to Debtors is in the best interest of the estate because (1) the offer received from Debtors approximates what the Trustee believes he could obtain from a third party after payment of costs of sale, (2) Debtors have delivered payment of $5,019.43 to the Trustee pending approval of the Motion, and (3) a sale to Debtors eliminates delay and uncertainty that would occur if the Trustee were to continue to market

the Real Property, thereby allowing the Trustee to complete the administration of the Chapter 7 case filed by Debtors sooner.

## II. FACTUAL BACKGROUND

Randell Parker is the duly appointed, qualified, and acting Trustee in the case.

The Court has jurisdiction under 28 U.S.C. Section 1334 and 11 U.S.C. Section 363. This is a core matter under 28 U.S.C. Section 157(b)(2)(A) & (N).

Debtors filed under Chapter 7 on September 30, 2009. Debtors listed the Real Property in their Schedule A – Real Property filed on September 30, 2009 with a value of $30,000.00 and did not claim an exemption in the Real Property. After the Meeting of Creditors, Debtors filed an amendment reducing the value of the Real Property to $20,000.00 and reducing the value they had originally listed for their personal residence to $220,000.00, thus eliminating any equity in the Debtors' residence. Debtors also amended their exemptions to remove the exemption in their personal residence and add an exemption in the amount of $11,075.00 in the Real Property.

The Trustee made a demand for earned, but unpaid wages owed to the Debtors on the date of filing. The Debtors filed a second amendment to add the earned, but unpaid wages and decreased their exemption in the Real Property to $9,980.57 and added an exemption in the amount of $1,094.43 for earned, but unpaid wages.

The Trustee employed Home & Ranch Realty to market the Real Property. The Trustee listed the Real Property for sale at $25,000.00 based on an evaluation of comparable sales prepared by Marie Henteges at Home & Ranch Realty.

According to Debtors' schedules, the Real Property is owned free and clear of any liens. Based on the Real Property's estimated market value minus costs of sale at 8% and the exemption of $9,980.57, the estate would receive approximately $13,519.43 from a third party making a full price offer. However, based on current market conditions and Trustee's recent experiences regarding the sale of real property, the Trustee believes it is unlikely he would receive a full price offer for the Real Property. Additionally, the real estate agent had suggested reducing the sales price to $20,000.00 due to a lack of interest in the property.

A sale to Debtors avoids the uncertainty of whether or not the Real Property could be sold in a reasonable period of time (it has been on the market for over four months), eliminates the costs of sale, and approximates what the Trustee believes he would receive from a third party. Therefore, the Trustee believes it is in the best interest of the estate to sell the Real Property to the Debtors for $5,019.43. The Trustee has accepted Debtors' offer, subject to court approval.

Debtors have delivered payment of $5,019.43 to the Trustee pending the approval of the Motion.

The sale of the real property to Debtors does not include a commission to Home & Ranch Realty, Inc. However, should a real estate agent or broker procure a buyer, who is ultimately the prevailing bidder at the hearing, then a commission equal to 6% will paid from escrow. The commission will be split between the agents if the buyer is represented by an agent other than Home & Ranch Realty, Inc.

As indicated above, the Trustee estimates that the estate would receive $13,519.43 after the payment of costs of sale from a full price offer from a third party. Notwithstanding the possibility of getting more from a sale to a third party, the Trustee believes the Debtors' offer is acceptable and in the best interest of the estate because it eliminates the need to market the real property for an unknown period of time and will result in a quicker distribution to creditors.

The last day to file claims in Debtors' case was February 16, 2010. The Real Property is the only asset of Debtors' estate.

### III. CONCLUSION

Wherefore, the Trustee prays for an order:

1. granting the Motion and authorizing the Trustee to sell the estate's interest in the Real Property to Debtors for $5,019.43, or the highest bidder at the time of hearing;

2. authorizing the Trustee to execute all documents necessary to effectuate the sale of the estate's interest in the Real Property to Debtors;

3. authorizing the Trustee to pay closing costs and broker commissions, should the sale of the Real Property be to a third party;

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

4. waiving the stay of order provided under Bankruptcy Rule 6004(h); and

5. for such other relief as the court determines is just and proper.

Date: May 13, 2010

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By /s/ Lisa Holder
LISA HOLDER, ESQ.
Attorneys for Randell Parker,
Chapter 7 Trustee